## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ABDURAHMAN NUKIC,
MEHMEDALIJA NUKIC, NEZIR
NUKIC, SR., and NEZIR NUKIC,
JR.,

                      **Plaintiffs,**

   v.                                         1:04-cv-2549-WSD

HOME-GROWN INDUSTRIES
OF GEORGIA, INC.,

                      **Defendant.**

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation [72] on Defendant's Motions for Summary Judgment [34, 35, 36] and Plaintiffs' Motion to Amend Complaint and to Withdraw Title VII Claims [41]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which Plaintiffs have objected. The Court has reviewed the remainder of the Magistrate Judge's

Report and Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## I.   BACKGROUND

### A.   Factual Background

The Magistrate Judge's Report and Recommendation ("R&R") includes a detailed discussion of the relevant facts, both in its Background Facts section and throughout the opinion.  Neither party objected to the Magistrate Judge's findings of fact and, finding no plain error, the Court adopts them as set out in the R&R.

### B.   Procedural History

Plaintiffs filed their Complaint on August 31, 2004, alleging that Defendant discriminated against them on the basis of their religion and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").  Plaintiffs also asserted state-law claims of intentional infliction of emotional distress and for punitive damages.  The parties completed discovery and, on June 2, 2005, Defendant filed its Motions for Summary Judgment.  On June 29, 2005, Plaintiffs filed their Motion and Brief to Amend Complaint and to Withdraw Title VII Claims.

On October 7, 2005, the Magistrate Judge issued his R&R, recommending the Court grant Defendant's Motions for Summary Judgment as to Plaintiffs' Title VII claim and claim for punitive damages, that Plaintiffs' state-law claim for intentional infliction of emotional distress be dismissed without prejudice, and that Plaintiffs' Motion to Amend Complaint be denied.  Plaintiffs filed their objection to the R&R ("Objection to R&R") [73] on October 7, 2005, and Defendant responded to Plaintiffs' objection on October 24, 2005 [74].

## II.  DISCUSSION

The Magistrate Judge recommended the Court (i) grant Defendant's Motions for Summary Judgment on Plaintiffs' Title VII claim because the Plaintiffs did not file timely charges of discrimination with the EEOC; (ii) grant Defendant's Motions for Summary Judgment on Plaintiffs' claim for punitive damages because punitive damages are a remedy, not a separately recognized, independent cause of action; (iii) decline to exercise supplemental jurisdiction over Plaintiffs' state-law claim for intentional infliction of emotional distress; and (iv) deny Plaintiffs' Motion to Amend because the requested amendment is untimely, futile and would prejudice Defendant.

Plaintiffs do not object to the portions of the R&R recommending Plaintiffs' claims be dismissed.  Instead, Plaintiffs object to the Magistrate Judge's recommendation that Plaintiffs' Motion to Amend their Complaint to add Count IV, a claim for national origin and race discrimination in violation of 42 U.S.C. § 1981, be denied.  The Magistrate Judge found that Plaintiffs' proposed amendment was untimely because it sought to add a new claim approximately ten months after the initial Complaint was filed, more than six months beyond the deadline provided in the scheduling order, following the close of discovery, and following the filing of Defendant's Motions for Summary Judgment.  (R&R at 12-17.)  The Magistrate Judge also found amendment would be futile because Plaintiffs cannot state a claim under Section 1981 based on their national origin or religion, and that amendment would prejudice Defendant.  (R&R at 18-27.)

Plaintiffs contend the amendment was not untimely and that Defendant would not be prejudiced because it was already on notice of Plaintiffs' national origin claim.  Plaintiffs claim Defendant was at fault for Plaintiffs' delay in requesting leave to amend, in part, because it "chose to withhold and conceal defenses that the Title VII claims were untimely . . . ."  (Objection to R&R at 19.)

Rule 15 of the Federal Rules of Civil Procedure provides that, once a responsive pleading has been served, a party may amend its complaint only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Although Rule 15 requires that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), the Eleventh Circuit has instructed that "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents of Div. of Univs., 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that district court did not abuse its discretion in denying a motion to amend filed on the last day of discovery because granting the motion "would have produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the adverse party], [and] . . . there seems to be no good reason why [the movant] could not have made the motion earlier."). The Eleventh Circuit has upheld district court denials of leave to amend where a party waits to seek leave until after a court-imposed deadline for amendments, including where the amendment was sought to address pleading shortcomings identified by an opposing party in a motion for summary judgment. See, e.g., Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir. 2002) (affirming district court's denial of motion to amend

-5-

filed well after the deadline for amendments set out in the court's scheduling orders and two months after the opposing party's motion for summary judgment, holding that "in order to ensure the orderly administration of justice, [the district court] has the authority and responsibility to set and enforce reasonable deadlines" and that "[i]t is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary judgment."); Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1217-18 (11th Cir. 2004) (affirming district court's denial of motion to amend filed six months after court's deadline for amendments to pleadings and two months after the close of discovery).

The Magistrate Judge fully considered and rejected in his R&R Plaintiffs' objection to the recommended denial of Plaintiffs' Motion to Amend.  For the reasons stated in the Magistrate Judge's well-reasoned R&R, the Court finds that Plaintiffs unduly delayed[1] in moving to amend their Complaint and permitting the amendment would unfairly prejudice Defendant.  Accordingly, Plaintiffs' objection

---

[1] "That [Defendant] identified deficiencies Plaintiff[s] did not is inadequate reason to permit an untimely amendment."  See Kingsley v. State Farm Mut. Auto. Ins. Co., 353 F. Supp. 2d 1242, 1246 (N.D. Ga. 2005), aff'd, 2005 WL 2402696 (11th Cir. Sept. 29, 2005).

is OVERRULED. Finding no plain error in the portions of the R&R to which Plaintiffs did not object, the Court adopts the R&R in its entirety.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation. Defendant's Motions for Summary Judgment [34, 35, 36] are **GRANTED** and judgment is entered in favor of Defendant on Plaintiffs' Title VII claim. Plaintiffs' state-law claim is **DISMISSED WITHOUT PREJUDICE**, and Plaintiffs' request for punitive damages is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Complaint and to Withdraw Title VII Claims [41] is **DENIED**.

**SO ORDERED**, this 7th day of November, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE